UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HANK ISRAEL, individually and on behalf of all similarly situated individuals,

   Plaintiff,

v.

DIAMOND PARKING SERVICES INC. d/b/a DIAMOND AIRPORT PARKING, a Washington Corporation and DIAMOND PARKING SERVICES, LLC d/b/a DIAMOND AIRPORT PARKING, a Washington limited liability company;

   Defendants.

Case No: 2:16-cv-00687

**CLASS ACTION COMPLAINT**

COMES NOW Individual and representative Plaintiff HANK ISRAEL ("Plaintiff"), on behalf of himself and all others similarly situated, complains of Defendants DIAMOND PARKING INC. d/b/a DIAMOND AIRPORT PARKING (among other business names) and DIAMOND PARKING SERVICES, LLC d/b/a DIAMOND AIRPORT PARKING (among other business names) (collectively "Defendants") as follows:

CLASS ACTION COMPLAINT - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and (d) in that this is the judicial district where both Defendants reside. Defendant DIAMOND PARKING SERVICES INC. d/b/a DIAMOND AIRPORT PARKING (among other names) is a Washington corporation with a principal place of business in Seattle, Washington. DIAMOND PARKING SERVICES, LLC d/b/a DIAMOND AIRPORT PARKING (among other names) is a Washington limited liability company with a principal place of business in Seattle, Washington.

## PARTIES

3. Plaintiff HANK ISRAEL is and at all times relevant hereto was a resident of Salt Lake County, Utah.

4. Defendant DIAMOND PARKING SERVICES INC. d/b/a DIAMOND AIRPORT PARKING (among other names) is a Washington corporation with a principal place of business in Seattle, Washington. Among other businesses, it operates airport parking lots within the states of Alaska, Utah and Washington.

5. Defendant DIAMOND PARKING SERVICES, LLC d/b/a DIAMOND AIRPORT PARKING (among other names) is a Washington limited liability company with a principal place of business in Seattle, Washington. Among other businesses, it operates airport parking lots within the states of Alaska, Utah and Washington.

## FACTUAL BASIS

6. In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card

CLASS ACTION COMPLAINT - 2

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

7. A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> "Except as provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print <u>more than the last five digits of the card number or the expiration date</u> upon any receipt provided to the cardholder at the point of sale or transaction." (Emphasis added.)

8. FACTA was signed into law on December 4, 2003, but did not become fully effective until December 4, 2006. Despite this three year window provided to merchants in order to bring their point of sale machines into compliance with FACTA, many merchants did not become compliant and faced liability. In response, the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act") was enacted to provide additional time for merchants to become compliant. The Clarification Act does not actually "clarify" anything; it merely delayed liability for violations. In accordance with the Clarification Act, beginning June 4, 2008, a merchant that prints more than the last five digits of the credit or debit card number or a credit or debit card's expiration date on an electronically generated receipt given to a customer is in violation of FACTA. *See* 15 U.S.C. 1681n(d).

9. On April 13, 2016, Plaintiff used his American Express card to pay for parking at Diamond Airport Parking, located in Salt Lake City, Utah. The hardcopy receipt generated

CLASS ACTION COMPLAINT - 3

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1. and provided to him by Defendants contained the expiration date of his card in violation of 15 U.S.C. § 1681c(g). A redacted version of the non-compliant receipt that he received on April 13, 2016 is attached hereto as Exhibit A. The last four digits of Plaintiff's card and the expiration date have been redacted.

10. Plaintiff is informed and believes, and based thereon alleges, that since at least 2014, if not earlier, through at least April 13, 2016, Defendants have provided non-compliant receipts through point of sale machines that were provided to customers at the point of sale.

11. Despite having more than 12 years to become compliant with FACTA, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by printing the expiration date on hardcopy receipts provided to debit card and credit card cardholders transacting business with Defendants.

12. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. §§ 1681 *et seq.*

13. Plaintiff seeks, on behalf of himself and the Class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure. In the remainder of the complaint, Plaintiff refers to the proposed Class defined below in paragraphs 15 as "the Class."

15. <u>Definition of Proposed Class</u>: Plaintiff seeks to represent a Class of persons to be defined as follows:

> All persons in the United States to whom, on or after May 12, 2014, Defendants provided an electronically printed hardcopy

CLASS ACTION COMPLAINT - 4

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

receipt at the point of a sale or transaction on which Defendants printed the expiration date of the person's credit or debit card.

16. <u>Numerosity</u>: The Class described in paragraph 15 is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

17. Plaintiff is informed and believes, and thereon alleges, that there are, at minimum, hundreds of members of the proposed Class described in paragraph 15.

18. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

19. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class which Plaintiff seeks to represent. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the Class members and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

20. <u>Common Questions of Law and Fact</u>: Plaintiff and Class members were each customers of Defendants, each having made a purchase or transacted other business with Defendants on or after the start of the applicable liability period, using a credit card and/or debit card and to whom, at the point of such sale or transaction, Defendants provided a hardcopy receipt showing the expiration date in violation of 15 U.S.C. § 1681c(g).

21. There is a well-defined community of interest and common questions of fact and law affecting the Class members.

22. The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

CLASS ACTION COMPLAINT - 5

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

(a) Whether Defendants' conduct of providing Plaintiff and the Class members with a sales or transaction hardcopy receipt whereon Defendants printed the expiration date of the credit or debit card violated FACTA, 15 U.S.C. §§ 1681 *et seq.*;

(b) Whether Defendants' conduct was willful; and

(c) Whether Plaintiff and Class members are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct.

23. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the proposed Class. The claims of Plaintiff and the Class are based on the same legal theories and arise from the same unlawful and willful conduct.

24. <u>Nature of the Notice</u>: Class members may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by the Court.

25. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Violation of 15 U.S.C. §§ 1681 *et seq.*)

26. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

27. Plaintiff asserts this claim on behalf of himself and the proposed Class against Defendants.

28. Title 15 U.S.C. § 1681c(g)(1) provides that:

> "... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." (Emphasis added.)

29. Defendants transact business in the United States and accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of the proposed Class. In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print hardcopy receipts for credit card and/or debit card transactions.

30. On or after May 12, 2014, Defendants, at the point of sale or transaction with Plaintiff, provided Plaintiff with an electronically printed hardcopy receipt on which Defendants printed the expiration date of Plaintiff's credit card.

31. On or after May 12, 2014, Defendants, at the point of sale or transaction with Class members, provided, through the use of a machine, each member of the proposed Class with one or more electronically printed hardcopy receipts on each of which Defendants printed the expiration date of the respective Class member's credit or debit card. As set forth above, FACTA was enacted in 2003 and originally gave merchants who accept credit card and/or debit

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006. This was then extended until June 4, 2008 through the Clarification Act. Defendant has thus had more than 12 years to comply with the requirements of FACTA.

32. Defendants knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the prohibition on printing of the expiration dates of debit cards and credit cards. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discovery, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, law firms, and other entities informed Defendants about FACTA, including its specific requirements concerning the prohibition on the printing of expiration dates, and Defendants' need to comply with same.

33. Despite knowing and being repeatedly informed about FACTA and the importance of preventing the printing of expiration dates on credit and debit card receipts, and despite having years to comply with FACTA's requirements, Defendants willfully violated FACTA's requirements by, *inter alia*, printing the expiration date upon the hardcopy receipts provided to members of the proposed Class – persons with whom Defendants transact business.

34. Many of Defendants' business peers and competitors readily brought their credit and debit card receipt printing processes into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

35. In contrast, Defendants willfully disregarded FACTA's requirements and, at least through April 13, 2016, used cash registers or other machines or devices that printed receipts in violation of FACTA.

CLASS ACTION COMPLAINT - 8

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

36. Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the Class thereby exposing Plaintiff and the members of the proposed Class to an increased risk of identity theft and credit and/or debit card fraud.

37. As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each Class member the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. § 1681n(a)(1)(A).

38. As a result of Defendants' willful violations of FACTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. 1681n(a)(3).

39. As a result of Defendants' willful violations of FACTA, Plaintiff and the members of the Class are entitled to punitive damages. 15 U.S.C. § 1681n(a)(2).

## JURY DEMAND

Plaintiff, on behalf of himself and the putative members of the proposed Class, demands a trial by jury on all claims and causes of action to which they are entitled to a jury trial.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the proposed Classes, prays for:

1. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing the law firms representing Plaintiff as counsel for the Class;

2. An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendants' willful violations;

3. An award to Plaintiff and the members of the Class of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

4. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5. Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3); and

6. For other and further relieve as the Court may deem proper.

DATED this 13th day of May, 2016.

BADGLEY MULLINS TURNER PLLC

/s/Daniel A. Rogers
Daniel A. Rogers, WSBA #46372
Duncan C. Turner, WSBA #20597
19929 Ballinger Way, Suite 200
Seattle, Washington, 98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email: drogers@badgleymullins.com
Email: dturner@badgleymullins.com
Attorneys for Plaintiff

**KELLER GROVER LLP**
Eric A. Grover (CA SBN 136080)
Robert Spencer (CA SBN 238491)
(Pro Hac Vice Pending)
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
Email: eagrover@kellergrover.com
Email: rspencer@kellergrover.com
Attorneys for Plaintiff

CLASS ACTION COMPLAINT - 10

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

# EXHIBIT A

```
Office MPS 04/13/16 20:16
Cashier 45
Receipt 023528

Short-term parking tkt
APORT - No. 002310
04/11/16 18:32
04/13/16 20:16
Period 2d1h45'
(Rate)                            $21.00
699IR 119                         $-4.25

Sub Total                         $16.75
Rate                               $0.00
                                 --------
Total                             $16.75

Payment Received
AMEX                              $16.75
XXXXXXXXXX
```

